UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 03-66-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RONALD TERRELL LYNCH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On May 15, 2015, Defendant Ronald Terrell Lynch moved for a reduced sentence under 18 U.S.C. § 3582. [Record No. 51] Because Lynch's guideline range is unaffected by the recent amendments to the United States Sentencing Guidelines ("U.S.S.G."), his motion will be denied.[1]

[1] The Court has determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

On February 20, 2004, Lynch pled guilty to conspiring to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Record No. 21] Lynch and the United States agreed to the following facts in their written Plea Agreement:

> (a) That between on or about July 1, 2003, through September 18, 2003 in Laurel County in the Eastern District of Kentucky, this defendant, and others did engage in an agreement to manufacture and produce a quantity of methamphetamine, a schedule II controlled substance[.]
>
> (b) Pursuant to that agreement, this defendant did receive and acquire products and equipment to manufacture methamphetamine. Pursuant to that agreement this defendant did distribute small amounts of methamphetamine. The amount produced and capable of being produced during the time of this agreement is not less than 40 grams nor more than 50 grams of a methamphetamine mixture.

[Record No. 30, pp. 1-2]

Lynch also acknowledged in the Plea Agreement that "he has previously been convicted of two prior drug trafficking felony offenses qualifying him as a "Career Offender" pursuant to § 4B1.1." [*Id.* at 3] The Career Offender provisions state:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. Lynch was sentenced to 150 months of imprisonment, to be followed by six years of supervised release, both within the advisory Guidelines range. [Record No. 33]

He appealed his sentence but was unsuccessful. [Record No. 47] The Supreme Court also denied Lynch's petition for a writ of certiorari. [Record No. 50]

Title 18 of the United States Code, Section 3582(c), prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which apply here. Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission. The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c). However, Lynch was sentenced as a Career Offender under U.S.S.G. § 4B1.1. Because Lynch's guideline range was not based on the drug quantity table, the recent amendments do not apply to his sentence. Although Lynch urges the Court to find that Career Offenders may avail themselves of the recent amendments, [Record No. 51, pp. 2-7] the Sixth Circuit has repeatedly rejected this argument. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013). Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.

Moreover, even if Lynch were eligible for a reduction, it would not be warranted under 18 U.S.C. § 3553(a). The Court considered these factors at the time of sentencing and ultimately concluded that a sentence of 150 months was the *minimum* term sufficient to achieve all statutory goals. With 15 criminal history points accumulated at the time of sentencing, Lynch was placed in Criminal History Category VI even without his status as a

Career Offender. Lynch's next drug trafficking violation will result in a mandatory minimum of life in prison. [Record No. 40, p. 8] His pattern of recidivism and the nature of his crime suggest that he is likely to reoffend and presents a danger to the public. As a result, a reduced sentence would be inappropriate. In fact, this Court clearly and unequivocally expressed its inclination to impose a harsher sentence – 220 months – outside the Guideline range. [*Id.* at 24] Although the Court did not impose this longer term at sentencing, it is not now inclined to impose a more lenient one now.[2] Accordingly, it is hereby

**ORDERED** that Defendant Ronald Lynch's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 51] is **DENIED.**

This 18th day of May, 2015.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**

[2] The Court has also considered the defendants' assertions that a reduced sentence is appropriate due to rehabilitiation activities, completion of BOP-sponsored reentry programs, and numerous health concerns. [Record No. 51] However, those assertions do not change the Court's analysis.